The INSURANCE COMPANY OF TEXAS, a corporation, National Indemnity Company, a corporation, Commercial Standard Insurance Company, a corporation, Continental Fire and Casualty Insurance Company, a corporation, Plaintiffs,

v.

The EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., a corporation, et al., Defendants.

No. 18913.

United States District Court
S. D. California,
Central Division.

April 1, 1958.

Findings of Fact and Conclusions of Law and Judgment July 10, 1958.

Parker, Stanbury, Reese & McGee, Los Angeles, Cal., Gilbert, White & Gilbert, Santa Fe, N. M., for plaintiffs.

Crider, Tilson & Ruppe, Los Angeles, Cal., for defendants.

WESTOVER, District Judge.

On October 20, 1951, plaintiff issued an automobile insurance policy, giving the name of the insured as Doyle Cantrell and/or Petroleum Products Refining and Producing Company, the limits of which for bodily injury were $25,-000 each person and $50,000 each accident.

On February 19, 1952, defendant, the Employers Liability Assurance Corporation, Ltd., issued a comprehensive liability policy to Malco Refineries, Inc., the limits of which for bodily injury were $300,000 each person and $1,000,000 each occurrence.

Plaintiff's policy contained the following clause:

"If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicability of liability of all valid and collectible insurance against such loss."

Defendant's policy had a similar clause which read:

"If other valid insurance exists protecting the insured from liability for such bodily injury * * * or destruction of property, this policy shall be null and void with respect to such specific hazard otherwise covered, whether the insured is specifically named in such other policy or not; provided, however, that if the applicable limit of liability of this policy exceeds the applicable limit of liability of such other valid insurance, then this policy shall apply as excess insurance against such hazard in an amount equal to the applicable limit of liability of this policy minus the applicable limit of liability of such other insurance."

On May 1, 1952 Malco bought out Petroleum Products Refining and Producing Company and at the time of the sale the Cantrell policy was endorsed with a rider, substituting Malco as an insured for Petroleum Products. As a consequence, after May 1, 1952, Malco had the defendant's policy which gave it protection to the extent of $300,000 for

each person and $1,000,000 for each accident and the plaintiff's policy which gave it protection of $25,000 each person or $50,000 each accident.

Doyle Cantrell was a contract carrier, and on August 2, 1952 was transporting merchandise for Malco. On that date the truck belonging to Doyle Cantrell was being driven by one, Thomas, who was an employee of Malco, along the highway in northern New Mexico. In attempting to pass a pick-up truck going in the same direction, Thomas collided with a vehicle approaching from the other direction on Thomas's left side of the road, resulting in the death of one of the occupants of the on-coming car and injury to several others. As an aftermath of the collision the occupants of the automobile brought numerous actions in the courts of New Mexico against Thomas and Malco Refiners, Inc. for damages and received judgments aggregating $82,500.

The Employers Company on September 17, 1952, notified the Universal Insurance Underwriters by letter that Employers' policy was excess insurance over the Universal Insurance policy and that they did not consider themselves primarily liable. Subsequent to the rendition of judgment for the sum of $82,-500 it was ascertained by the two insurance companies involved that the claims of the plaintiff in the automobile accident case could be compromised and settled, and as a result of negotiations between the attorneys for the injured parties and the attorneys for the respective insurance companies, the claims were settled in full for a total of $66,500. Plaintiffs advanced towards the settlement $40,302.99 and defendants advanced $26,197.01. The settlement was made under a written contract between the two insurance companies whereby it was agreed the payments of said sums would be without prejudice and that the rights of the parties could be ascertained as between themselves at some future time. As a result of that agreement, the present action was filed, asking that this Court determine the rights and liabilities of the respective insurance companies on the policies in question.

Each company contends its policy is excess insurance to the other and that each has no liability until the limits of the opposing policy have been exceeded. As noted above, each policy had an "other insurance" clause which provided that in the event there was other insurance its policy was to be considered as excess only.

Probably in no field of law is there more confusion among the courts as to the proper rule to be followed than in the field of excess insurance. Judge Healy of the Ninth Circuit, in the case of Oregon Auto. Ins. Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958, at page 959, points out the confusion as follows:

" * * * the court must settle upon some way of determining which policy is primary and which secondary. Unfortunately there is no statute and there appear to be no decisions bearing on the subject in the jurisdiction in which the controversy arose, namely, Oregon.

"We have examined cases in other jurisdictions cited by counsel where closely similar or substantially identical disputes between insurance companies have arisen. These decisions point in all directions. One group indicates that the policy using the word 'excess' is secondary and that containing the language of the Oregon policy is primary. * * * Their reasoning appears to us completely circular, depending, as it were, on which policy one happens to read first. Other cases seem to recognize the truth of the matter, namely, that the problem is little different from that involved in deciding which came first, the hen or the egg. [Citations.] In this dilemma courts have seized upon some relatively arbitrary circumstance to decide which insurer must assume primary responsibility. Thus one group of cases fixes primary liability on the policy which is prior in

date. * * * Another solution is represented by Maryland Casualty Co. v. Bankers Indemnity Ins. Co., 51 Ohio App. 323, 200 N.E. 849, where it was held that the policy issued to the person primarily liable for the damage is the primary insurance. In sum, the cases are irreconcilable in respect both of approach and result."

The case at bar must turn primarily upon the meaning given to the exceptions in the two policies. Although each is couched in different language, nevertheless, it appears to this Court that in substance they mean the same, which is that if at the time of the accident there is any other insurance covering the loss, then there would be no liability until after the limits have been reached in the other policy. If we should take this position, then we would come to an impasse because we would have to hold there was no liability until the limits had been exceeded on the other policy. However, the insurance companies involved herein recognized that regardless of the wording of the two policies, the insured was covered and that one or both of the insurance companies had to pay the liability. Consequently they got together, agreed to the settlement of liability but reserved the right to present to a court the problem herein involved.

From the decisions it appears that in determining the question of excess liability this Court could go in one of a number of different ways and find considerable authority to uphold the position taken. However, the Ninth Circuit lays down a rule binding on this Court and which this Court proposes to follow.

Had there been only one policy in this case, we are certain the loss would have been paid without any question. The problem arose only because there were two policies instead of one and because each had an "other insurance" clause. In such event the Ninth Circuit says, in Oregon Auto. Ins. Co. v. United States F. & G. Co., supra:

"* * * where both policies carry like 'other insurance' provisions, we think must be held mutually repugnant and hence be disregarded."

This Court is of the opinion that the "other insurance" clause in both plaintiff's and defendant's policies fundamentally mean the same and, disregarding the words used, the meaning is clear that if there was "other insurance" at the time of the liability, then the policy is to be considered as excess until the limits had been reached in the other policy. In such circumstances we are of the opinion that we can follow the Ninth Circuit in holding the "other insurance" clauses are repugnant and hence must be disregarded.

Plaintiff contends that its policy did not cover the driver, Thomas. Plaintiff's policy did not contain an omnibus clause and gave as the name of the insured Doyle Cantrell and/or Petroleum Products Refining and Producing Company. It may be true that the policy did not name Thomas personally; however, the policy was written to insure the vehicles owned by Doyle Cantrell, and the insurance company certainly must have known when the policy was written that Doyle Cantrell could not drive all of his own trucks simultaneously and that some one would have to be employed to drive them. Thomas was an employee of Malco and at the time of the collision was driving a Cantrell truck carrying merchandise for Malco.

The defendant Employers policy provides in part:

"Financial Responsibility Loss: Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use during the policy period of any automobile insured hereunder, * * *"

The plaintiff's policy provides as follows:

"Financial Responsibility Loss. Such insurance as afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility laws of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period to the extent of the coverage and limits of liability required by such law * * *"

Section 64-24-22, New Mexico Statutes of 1953 Annotated are, in part, as follows:

"(a) * * *

"1. * * *

"2. Said policy shall insure as insured the person named therein and any other person using or responsible for the use of any such motor vehicle or motor vehicles with the consent, express or implied of such named insured. * * *"

The Tenth Circuit has had occasion to discuss the New Mexico financial responsibility laws. In the case of Farmers Insurance Exchange v. Ledesma, 214 F.2d 495, at page 499, the Court says:

" * * * the pertinent provisions of the New Mexico Motor Vehicle Safety Responsibility Act which is contained in sections 68-1007 to 68-1043, inclusive, New Mexico Statutes Annotated 1941, were effectively incorporated into the policy and the liability of the garnishee is the same as though the policy had been written under and in compliance with such act * * *

" * * * And one of such requirements is that the policy shall insure as insured the person named in the policy and any other person using or responsible for the use of such motor vehicle or motor vehicles

with the consent, express or implied, of the named insured * * *"

At the time of the collision with which we are concerned in the case at bar Thomas was using and operating the motor vehicle with the consent of the insured; and although Thomas was not named in the policy we are of the opinion that under the modern view of financial responsibility and the trend of judicial decisions an insurance policy obtained in only the name of the owner also covers the driver, if the driver was using the motor vehicle with the consent of the owner. This certainly is the trend of recent cases. Although Thomas was not specifically named in the policy in question, this Court holds he was nevertheless covered thereunder.

Thomas' lack of cooperation was another issue presented. No merit is found in this contention, and the Court holds the alleged lack of cooperation does not affect liability herein.

■ The Court is of the opinion that neither policy is excess and the loss should be prorated between plaintiff and defendant. It is argued that in the event of proration of liability proration should be on the basis of the limits of liability. There is respectable authority for such contention. Oil Base, Inc. v. Transport Indemnity Co., 143 Cal.App.2d 453, 299 P.2d 952. It is the opinion of this Court that it would be more equitable to require proration according to premiums paid rather than the limits of liability. It is common knowledge that after the first twenty-five or fifty thousand dollars of liability insurance the additional charge for five hundred thousand dollars or a million dollars of insurance is relatively small, and the rate on the larger amounts is considerably less than upon the smaller amounts.

In this case the Court will find the "other insurance" clause in each policy means substantially the same, hence may be disregarded by the Court; that the loss should be prorated between the insurance companies, such proration to be made according to the premiums paid.

Findings of Fact, Conclusions of Law and Judgment are to be prepared in conformity herewith by attorney for defendant for presentation to the Court for signature on or before April 21, 1958.

### Findings of Fact and Conclusions of Law.

The above action was called for trial in the above court, before the Honorable Harry C. Westover, Judge presiding, on February 4, 1958, a jury trial having been waived, plaintiffs appearing by Raymond G. Stanbury and Carl H. Gilbert of the firms of Parker, Stanbury, Reese & McGee and Gilbert, White & Gilbert, their attorneys, the defendant appearing by Garvin F. Shallenberger of the firm of Crider, Tilson & Ruppe, its attorneys. The defendant Dave Thomas made no appearance and was not represented. All fictitiously named defendants were dismissed upon motion of the plaintiffs. Evidence, both oral and documentary, having been offered and received on February 4th and 5th, 1958, stipulations being entered into, the parties having rested, the matter being submitted, and the Court being fully informed in the premises, makes the following findings of fact and conclusions of law:

### Findings of Fact.

#### I.

The plaintiff, the Insurance Company of Texas, was at all material times a corporation organized and doing business under the laws of the State of Texas and transacting business as an insurance company, until taken over by a State of Texas agency, and thereafter operated through a form of receivership.

#### II.

That the plaintiff Commercial Standard Insurance Company is and at all material times was a corporation organized and doing business under the laws of the State of Texas and transacting business as an insurance company.

#### III.

That plaintiff National Indemnity Company is and at all material times was a corporation organized and doing business under the laws of the State of Nebraska, authorized to and transacting business as an insurance company.

#### IV.

That plaintiff Continental Fire and Casualty Insurance Company was heretofore merged with plaintiff, The Insurance Company of Texas. It was at all material times a corporation organized and doing business under the laws of the State of Texas.

#### V.

That the defendant, the Employers Liability Assurance Corporation, Ltd., hereinafter called "Employers", is and at all material times was a corporation organized and existing under the laws of the United Kingdom of Great Britain and Northern Ireland, and is and at all material times has been authorized to transact an insurance business in the State of California and various other states, including New Mexico.

#### VI.

That defendant Dave Thomas is and at all material times was a resident of the State of New Mexico.

#### VII.

That each of the parties hereto is a citizen of the state or country of its respective incorporation, and therefore the diversity of citizenship exists among and between each and all of the plaintiffs and said defendants.

#### VIII.

That the amount in controversy herein exceeds the sum of $3,000 exclusive of interest and costs.

#### IX.

That defendant, Employers, issued a policy of insurance to Malco Refineries, Inc., hereinafter called "Malco", on or about February 19, 1952 which policy

was in full force and effect at all material times, and was received in evidence. That the amount of premium paid by said Malco to Employers for automobile bodily injury coverage was $819.98.

## X.

That on or about October 20, 1951 the plaintiffs issued a policy of insurance to Doyle Cantrell and/or Petroleum Products, which policy of insurance was, on or about May 1, 1952, changed to provide that the named insureds therein were Doyle Cantrell and/or Malco. That said policy of insurance was in full force and effect at all material times, and was received in evidence as an exhibit. That the premium paid to plaintiffs for the automobile bodily injury coverage provided in said policy of insurance was $439.-92. That said change in the named insureds of said policy was necessitated by the fact that prior to May 1, 1952 Malco had purchased all of the assets and business of the said Petroleum Products.

## XI.

That the policy of insurance issued by the plaintiffs did not extend coverage to the defendant Dave Thomas, and did not include him as an insured thereunder, except insofar as resulted by operation of the financial responsibility laws of New Mexico, hereinafter referred to. That the policy of insurance issued by the defendant did cover the defendant Dave Thomas, and did include him as an insured by its terms.

## XII.

That the plaintiff insurance companies, other than the Insurance Company of Texas, at all material times had in effect between them an agreement whereby said plaintiffs would share upon a pro rata basis the obligation incurred by the plaintiff, Continental Fire and Casualty Insurance Company, under the terms of the policy of insurance hereinabove found to have been issued by plaintiffs.

## XIII.

That on or about August 2, 1952, while both of said insurance policies inured to the benefit of Malco respecting said accident, Dave Thomas was involved in an accident in the State of New Mexico while driving a motor vehicle which said motor vehicle was within the coverage of both of said policies. That at said time and place the said Dave Thomas was an employee of Malco acting within the course and scope of his employment.

## XIV.

That as a result of said accident an action was commenced by the victims thereof against Malco and Dave Thomas, in which action judgment was rendered in favor of the plaintiffs therein and against the defendants Malco and Dave Thomas because of the negligence of Dave Thomas. That said judgment was thereafter compromised for the sum of $66,500 of which plaintiffs herein paid $40,302.99 on March 1, 1954, and the defendant herein paid $26,197.01. Said accident was caused solely by the negligence of said Dave Thomas.

## XV.

That before making said payment in settlement of said judgment, plaintiff herein and Employers entered into an agreement whereby any rights of the plaintiffs against the defendant for reimbursement were reserved without waiver or prejudice by reason of said payment, pending the determination of the rights and obligations of the parties under their respective insurance policies by a court of competent jurisdiction; that said payments were made pursuant to and subject to said written agreement.

## XVI.

That a judgment was entered in the United States District Court for the District of New Mexico on or about November 27, 1953, in favor of Malco and against defendant Dave Thomas. That said judgment was entered pursuant to the cross-complaint which the said Malco filed against the said Dave Thomas in the previously referred to lawsuit arising from the aforesaid accident. That said judgment was affirmed and re-instated in full force and effect after an appeal had

been taken therefrom as of September 27, 1954. That said judgment adjudged that Malco was entitled to recover from Dave Thomas the sum of $40,302.99 as reimbursement of the loss incurred in satisfaction of the aforesaid judgment rendered in the case arising from the accident, together with interest thereon at 6% per annum from March 1, 1954 until paid.

### XVII.

That prior to filing this action plaintiffs made demand upon Employers to pay said sum of $40,302.99 to plaintiffs, but Employers refused to do so and have continued to so refuse and the said sum is now wholly unpaid.

### XVIII.

That by virtue of the financial responsibility statutes of New Mexico the policy of insurance issued by plaintiffs inured to the benefit of Dave Thomas, by operation of law, in the limited amount of $10,000, but said policy did not otherwise inure to the benefit of Dave Thomas and did not otherwise include him as an insured thereunder. That the policy of insurance issued by plaintiffs, and the policy of insurance issued by Employers, therefore provided pro rata insurance for the benefit of Dave Thomas as to the first $10,000 paid in compromise and satisfaction of the judgment rendered in favor of the accident victims. That the liability of Malco and Dave Thomas in excess of said $10,000 was solely insured by Employers under the policy of insurance issued by it. That pro rating said $10,000 according to the premiums received by the respective parties for the insurance issued by them, plaintiffs paid $3,119.03 of the sum contributed by them by reason of the coverage extended by plaintiffs to Dave Thomas by operation of law, as found above. That the remainder of the money paid by plaintiffs in compromise and satisfaction of the judgment in the accident case should have been paid by Employers. That Employers is therefore indebted to plaintiffs in the sum of $37,183.96, together with interest thereon from March 1, 1954 until paid.

### XIX.

That it is not true that the policy of insurance issued by Employers was only excess insurance over any part of the insurance provided by plaintiffs. That if it is true that Employers issued its said policy at a reduced premium in reliance upon the policy of the plaintiffs being primary, or otherwise, that fact is not material to any issue of this action.

### XX.

Plaintiffs are not estopped, and no plaintiff is estopped, from having the policy of insurance issued by plaintiffs interpreted according to its terms, either because of past conduct or interpretation of an identical policy by them before or since the occurrence of the accident in question, or otherwise.

### XXI.

That it is not true that defendant Dave Thomas prejudiced Employers' position, or lost any rights as an insured under Employers' policy, by failure to co-operate with Employers, or otherwise. Employers were not prejudiced by any conduct of Dave Thomas after the occurrence of the aforesaid accident.

Conclusions of Law.

From the foregoing findings of fact the court hereby makes the following conclusions of law:

1. That at all material times plaintiffs had in full force and effect a policy of liability insurance which extended coverage to Malco, but not to Dave Thomas, except by operation of law to the amount of $10,000 as to him.

2. That at all material times Employers had in full force and effect a policy of liability insurance which extended coverage to Malco and to Dave Thomas for an amount in excess of that paid in satisfaction of the judgment in favor of the accident victims.

3. That by the financial responsibility laws of the State of New Mexico the

policy issued by the plaintiffs extended coverage, by operation of law, to Dave Thomas respecting said accident, in the amount of $10,000.

4. That the plaintiffs have become subrogated to all of the rights of Malco under its aforesaid judgment against Thomas.

5. That the insurance issued by plaintiffs and the insurance issued by Employers should be pro rated, according to the premiums received respectively, as to the sum of $10,000. That it was Employers' obligation to pay such part of said $10,000 as was in excess of plaintiffs' pro rata share, and the whole of the balance of $40,302.99 paid by plaintiffs.

6. That plaintiffs are entitled to judgment against defendant Employers in the sum of $37,183.96, being $6,880.97 as Employers' pro rata share of the first $10,000 and $30,302.99 as the sum in excess thereof, with interest thereon at six percent from March 1, 1954 until paid.

7. That the defendant Dave Thomas, being in default, is bound by the provisions of the judgment herein.

Let judgment be entered accordingly.

### Judgment.

The above action was called for trial in the above court, before the Honorable Harry C. Westover, Judge presiding, on February 4, 1958, a jury trial having been waived, plaintiffs appearing by Raymond G. Stanbury and Carl H. Gilbert of the firms of Parker, Stanbury, Reese & McGee and Gilbert, White & Gilbert, their attorneys, the defendant appearing by Garvin F. Shallenberger of the firm of Crider, Tilson & Ruppe, its attorneys. The defendant Dave Thomas made no appearance and was not represented. All fictitiously named defendants were dismissed upon motion of the plaintiffs. Evidence, both oral and documentary, having been offered and received on February 4th and 5th, 1958, stipulations being entered into, the parties having rested, the matter being submitted, and the Court being fully informed in the premises, and having made its findings of fact and conclusions of law, now therefore:

It Is Ordered, Adjudged and Decreed that plaintiffs have and recover from defendant the Employers Liability Assurance Corporation, Ltd., a corporation, judgment in the sum of $37,183.96 together with interest thereon at the rate of 6% from March 1, 1954 until paid, and their costs of suit in the sum of $————.