Argued February 1, affirmed as modified April 2, 1965

# SMITH *v.* PACIFIC AUTOMOBILE INSURANCE CO.

400 P. 2d 512

*William G. Wheatley,* Eugene, argued the cause for appellant and cross-respondent. On the briefs were Jaqua & Wheatley, Eugene.

*Arthur C. Johnson,* Eugene, argued the cause for respondent and cross-appellant. On the briefs were Johnson, Johnson & Harrang, Eugene.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

GOODWIN, J.

This is a proceeding for a declaratory judgment concerning the rights of the parties under an automobile liability insurance policy. Smith, the insured, seeks $5,000. The defendant-insurer contends that it owes Smith nothing. From a judgment awarding Smith $2,500 and attorney's fees, both parties appeal.

The facts are not in dispute. Smith was injured while riding in an automobile owned by Donald Damewood. The injuries were the result of a collision between Damewood's automobile and a vehicle driven by an uninsured motorist. Damewood was killed in the collision. Smith's damages are conceded to have been in excess of $30,000.

At the time of the accident, the Damewood vehicle was insured by the Oregon Mutual Insurance Company, and, as a passenger in the Damewood automobile, Smith was an "insured" under Damewood's policy. Under Damewood's uninsured-motorist clause, the Oregon Mutual policy afforded each of its "insureds" coverage to a limit of $5,000 per person within a gross limit of $10,000 per accident.

Without litigation, Oregon Mutual exhausted its liability by distributing $10,000 in the following way: $2,500 to Smith; $2,500 to one of the other occupants of the Damewood vehicle; and $5,000 to Damewood's estate. Because the question is not before us, we express no opinion upon the propriety of this distribution.

At the time of the accident, Smith owned an automobile which was insured by the defendant. Damewood's and Smith's respective insurance policies not only contained similar "uninsured-motorist" protection, with similar limits, but each policy contained "other-insurance" clauses. Because the case turns upon the construction and interaction of these "other-insurance" clauses, we will set them out.

The relevant language in Damewood's policy is as follows:

"With respect to bodily injury to an insured * * * [Smith] through being struck by an uninsured automobile, if such insured [Smith] is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed * * * [$5,000], and the company shall not be liable under this part for a greater proportion of the * * * [$5,000] than such limit bears to the sum of the applicable limits of this insurance and such other insurance [$10,000]."

The relevant language in Smith's policy with Pacific is as follows:

> "With respect to bodily injury to * * * [Smith] while occupying * * * [Damewood's] automobile the insurance hereunder shall apply only as excess insurance over any other similar insurance available to * * * [Smith], and this insurance shall then apply only in the amount by which * * * [$5,000] exceeds the sum of the applicable limits of all such other insurance."

The Pacific clause is a standard "excess-insurance" clause, purporting to obligate the carrier to pay only the amount by which its limits exceed the limits of all other available insurance. If applied to the facts in the case at bar the way it is interpreted by the defendants, the "excess-insurance" clause would allow the defendant to avoid all liability.

The defendant assigns error to the refusal to treat Pacific's excess clause as an escape clause. The defendant says that its excess clause means that under this particular part of the policy the defendant has only agreed to assume a risk as an excess insurer to the extent that its $5,000 exposure may exceed the $5,000 limits of Damewood's insurance. The defendant contends that its interpretation of the "excess" clause is binding upon the insured whether or not the proceeds of Damewood's insurance are collectible. This view of an "excess" clause has respectable support. See, e.g., *Travelers Indemnity Co. of Hartford, Conn. v. Wells,* 316 F2d 770 (4th Cir 1963); and see cases noted in 65 Colum L Rev 319 (1965). The *Travelers Indemnity* case is not, however, the law in Oregon.

In this case we need not decide whether "other similar insurance available to such occupant" means

insurance proceeds that an insured may spend, or simply, as the defendant contends, "other-insurance" limits existing only on paper. There is another reason why the defendant's excess clause must be disregarded.

■■ If the two "other-insurance" clauses, which we have quoted, are repugnant to each other, the clauses are disregraded and the loss is prorated between carriers. The rationale for this arbitrary but equitable rule is that to give literal effect to each of the multiple "other-insurance" clauses in a given case could result in no coverage at all. *Lamb-Weston et al v. Ore. Auto. Ins. Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959). The *Lamb-Weston* formula has been followed in subsequent cases. See, e.g., *Gen. Ins. Co. v. Sask. Gov. Ins. Office,* 78 Or Adv Sh 679, 391 P2d 616 (1964). We are now fully committed to the rule that an "excess-insurance" clause will, in a case of conflict with a pro-rata clause, be disregarded. Otherwise, the carriers may engage in a circular controversy over "primary" and "excess" coverage which is reminiscent of the seniority dispute between the chicken and the egg. *Oregon Auto. Ins. Co. v. United Fidelity and Guar. Co.,* 195 F2d 958 (9th Cir 1952), noted in 38 Minn L Rev 838, 855 (1954), and 28 Ind L J 429 (1953).

■ The defendant argues that the two clauses are not repugnant because the Pacific policy affords "primary" coverage to an "owned" automobile, while as to "nonowned" automobiles its coverage is intended to be only "secondary" and therefore "excess." Consequently, because Damewood's policy protects Smith only when Smith is an insured in Damewood's "owned" automobile, the defendant contends that under the usages of the insurance business Damewood's carrier is the "primary" insurer and Smith's carrier is a

"secondary" insurer. We believe that, whatever the usages of the trade may be, the defendant's assertion is answered by our recent decision in *Gen. Ins. Co. v. Sask. Gov. Ins. Office,* supra. We held in that case that the interaction of two or more "other-insurance" clauses creates a repugnancy whenever there is an open choice of which clause to invoke first. In the case at bar, both clauses refer to and operate upon the availability of other insurance. One clause seeks to prorate a portion of the loss while the other seeks to avoid paying any portion of the loss if the limits of the "primary" policy are the same as the limits of the "secondary" policy. The circularity of the interaction of the two policies, each claiming that the other must pay first, is what makes them repugnant. The repugnancy, under *Lamb-Weston,* requires that both clauses be disregarded in their entirety. In the instant case, we hold that the two clauses are repugnant and may not, therefore, be given effect.

■ The defendant's objection to the cross appeal is that a person who is a named insured under a policy written to cover risks associated with the operation of his own automobile and who happens also to be an "omnibus insured" under a policy written to cover risks associated with the operation of another automobile in which he is a passenger may, if he is injured by an uninsured motorist, recover twice as much as he could have recovered if he had been injured in the same way by the same tort-feasor while riding in his own car. This argument seems to be based upon an assumption that there is something offensive about "stacking" insurance benefits.

The rule against multiple recovery was derived from fire-insurance cases. In the case of a loss by fire, the monetary loss is usually easily measured,

and in certain instances it can be shown that the total damage suffered by the plaintiff was less than the combined insurance proceeds sought to be recovered. However, in the field of life and accident insurance, the damages to the person are not readily measured in money, and there is little likelihood either of fraud or profit through overinsurance. Furthermore, the mere assertion that one would seek out an accident with an uninsured motorist in order to collect upon someone else's insurance policy contains its own answer. In the case at bar, there is no reason to deny the insured the benefits for which he has contracted under his own insurance simply because he also has some incidental rights as a third-party beneficiary under another person's insurance.

██ Under the *Lamb-Weston* formula, the various carriers must prorate their share of the loss, not their share of one carrier's limits. If this were a case between carriers, each would exhaust its policy limits before paying a full pro-rata share of the loss. The fact that the case at bar is not an intercompany dispute should not excuse the defendant from paying its prorated share of the loss up to the limits of the risk it contracted to carry.

The judgment below should be amended to award the plaintiff $5,000 instead of the $2,500 allowed in the trial court.

Affirmed as modified.

DENECKE, J., dissenting.

I dissent only from that part of the majority decision which modifies the trial court's decision and awards plaintiff an additional $2,500.

*Lamb-Weston et al. v. Ore. Auto. Ins. Co.*, 210 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959),

takes the drastic action, justifiably, of disregarding contractual terms because such terms are repugnant and, therefore, cannot both be applied. However, I see no reason to disregard those parts of the contract which are not repugnant. Both of the "other-insurance" clauses are similar in that they provide that if there is other insurance the total recovery from all insurance is limited to $5,000. The Oregon Mutual provision accomplishing this provides, "then the damages shall be deemed not to exceed * * * [$5,000]." The Pacific Automobile policy provides, "this insurance shall then apply only in the amount by which * * * [$5,000] exceeds the sum of the applicable limits of all such other insurance."

I would hold, as the contracts provide, that plaintiff's recovery is limited to a total of $5,000.