Argued July 12, reargued October 6, 1965, reversed and
remanded February 24, 1966

# FIREMEN'S INSURANCE COMPANY v.
## ST. PAUL FIRE & MARINE IN-
## SURANCE COMPANY

411 P. 2d 271

*Olwyn E. Kennedy,* Portland, argued the cause for appellant. With him on the brief were Hurlburt, Kennedy, Peterson, Bowles & Towsley, Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Hollister & Thomas and Robert H. Hollister, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

HOLMAN, J.

This case involves a dispute between insurance companies. The plaintiff, Firemen's Insurance Company (Firemen's), issued a policy of automobile insurance to Leta Free. In addition to Mrs. Free, the policy also insured—by what is known as an omnibus clause—any other person using her automobile with her consent. Mrs. Free loaned her car to Albert Carter. Carter, while using the vehicle, negligently caused an accident and resultant damages to third parties. Carter was also insured under a policy of automobile insurance issued to his parents by the defendant, St. Paul Fire and Marine Insurance Company (St. Paul), covering him when he was driving a vehicle other than the one owned by his parents.

Both policies had identical provisions relative to their coverage in case there was other insurance. It was as follows:

"If the Insured has other insurance against a loss covered by Part I of this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the

total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess over any other valid and collectible insurance."

Firemen's asked St. Paul to participate on a pro rata basis in defending the actions brought by the injured parties and St. Paul refused. Firemen's settled the cases and brought this action in an attempt to require St. Paul to pay a pro rata share of the cost of the settlements and resultant expenses. St. Paul demurred to the complaint and the demurrer was sustained. Firemen's appealed.

■ Firemen's policy issued to Mrs. Free provided that if the insured (Carter) had other insurance it was liable pro rata for any loss. St. Paul's policy, which also insured Carter, provided that if he was driving a non-owned vehicle (which he was), it was responsible only for the excess over any other insurance he might have. Firemen's contends these "other insurance" provisions are repugnant and must be ignored and therefore the insurers have equal coverage and must prorate the loss. It argues that it is entitled to contribution under the doctrine of *Lamb-Weston, Inc. v. Oregon Auto. Ins. Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959).

In *Lamb-Weston* the owner of a vehicle leased it to another. An employee of the lessee was involved in an accident. Under the circumstances, the operator was covered by the policies of both lessor and lessee. The owner's policy had a pro rata "other insurance" clause, the lessee's an excess clause. The court found the provisions conflicting and therefore repugnant and required contribution. The existing conflict was

that both companies had contracted to pay the entire loss up to policy limits unless other insurance covered the risk. Each independently attempted to limit its liability because of the existence of other insurance.

St. Paul attempts to distinguish the facts of *Lamb-Weston* from the present case on the basis that the vehicle involved was described in both policies in *Lamb-Weston,* while in the present case this was not true. The vehicle was described in Firemen's policy only. St. Paul contends that automobile liability insurance is usually recognized as primary with respect to vehicles designated in the policy and that, therefore, in *Lamb-Weston* both policies were primary and proration was the correct conclusion. It argues this is not so where, as here, only one policy describes the vehicle. As long as there was duplicate coverage of the operator, we fail to see that it makes any difference whether the vehicle was described in both policies or only one. The policies did not insure the vehicle against loss; they insured the operator and his employer against loss.

In *Cimarron Ins. Co. v. Travelers Ins. Co.,* 224 Or 57, 355 P2d 742 (1960), the owner of a vehicle permitted its use by another. The owner's policy, which described the vehicle, had a pro rata clause. The permissive user's policy, which did not describe the vehicle, had an excess clause. The court required contribution. This case was an instance where the vehicle was described in one policy only, but St. Paul attempts to distinguish it on the ground that the permissive user's policy was a general liability policy and not solely an automobile policy. It says a general liability policy usually affords primary coverage. Therefore, it claims both policies provided primary coverage, one by being a general liability policy and the

other by describing the vehicle involved. Assuming this is so, we do not believe this to be a valid distinction, as previously indicated.

In *General Ins. Co. v. Saskatchewan Gov't Ins. Office,* 238 Or 8, 391 P2d 616 (1964), the circumstances and holding were essentially identical to *Cimarron,* supra.

In *Smith v. Pacific Auto Ins. Co.,* 240 Or 167, 400 P2d 512 (1965), two persons had automobile insurance policies with identical uninsured motorist coverage. While one was riding with the other an accident occurred through the negligence of an uninsured motorist. Both were covered by the driver's policy and the passenger was covered by his own. The driver's policy had a pro rata clause; the passenger's an excess clause. The passenger made claim against his insurer which defended by asserting that its coverage was excess only and that the driver's policy had primary coverage. The court allowed recovery on the basis that the two "other insurance" clauses were repugnant, which resulted in complete coverage by both insurers.

St. Paul admits the theory of *Smith* would appear to be equally applicable to the present case, with the exception that *Smith* was an action by an insured against his insurer, and that different rules of construction apply. *Smith* was not decided on that basis and is not thereby distinguishable.

Finally, St. Paul says the decision in *Smith* is wrong. If St. Paul is correct, the decisions in *Lamb-Weston, Cimarron,* and *Saskatchewan* are also in error. The theory of *Lamb-Weston* is applicable to all. We recognize that in holding there is a conflict between an excess clause and a pro rata clause, the doc-

trine of *Lamb-Weston* is distinctly a minority viewpoint. "We are now fully committed to the rule that an 'excess-insurance' clause will, in a case of conflict with a pro-rata clause, be disregarded." *Smith v. Pacific Auto. Ins. Co.,* supra, at 434. *Lamb-Weston* requires that repugnant conflicting other insurance clauses be ignored and that the insurers bear proportionate burdens of the loss. "The circularity of the interaction of the two policies, each claiming that the other must pay first, is what makes them repugnant." *Smith v. Pacific Auto. Ins. Co.,* supra, at 435. This court believes it is good public policy not to put an injured plaintiff, or a defendant who is fortunate enough to have duplicate coverage, in a position where there is any possibility one insurer can say, "After you, my dear Alphonse!" while the other says, "Oh, no, after you, my dear Gaston." They must walk arm in arm through the door of responsibility.

██ St. Paul, on appeal, contends for the first time that Firemen's complaint is defective for failure to allege that the required notice of loss was made to St. Paul by Carter or his parents. We are of the opinion that the complaint alleged sufficient facts to frame the issue as to St. Paul's duty to contribute its pro rata share. Upon that issue the failure of St. Paul's insureds to satisfy conditions precedent to St. Paul's liability is an affirmative defense which must be raised by answer. This was not an action by an insured upon his policy.

The decision of the trial court is reversed; St. Paul's demurrer to Firemen's complaint is overruled, and the case is remanded for further proceedings.