417 P.2d 658

**Florence E. RUSSELL, Plaintiff and Respondent,**

v.

**George M. PAULSON, Jr., Administrator of the Estate of Sharon Mitchell, Deceased, United Pacific Insurance Company, a corporation; Factory Mutual Liability Insurance Company of America, a corporation, and Automobile Mutual Insurance Company of America, a corporation, Defendants and Appellants.**

**No. 10385.**

Supreme Court of Utah.

Aug. 17, 1966.

note 5, and authorities therein cited, including Ex parte McCoy, 32 Cal.2d 73, 194 P.2d 531, 533.

Strong & Hanni, Lawrence L. Summerhays, Salt Lake City, for appellants.

Wayne C. Durham, Gary L. Theurer, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff, Florence Russell, was injured while a passenger in an automobile driven by Helen Gritton, and owned by the latter's husband, when it was struck by an automobile driven by Sharon Mitchell, an uninsured motorist. Sharon was killed in the accident and the administrator of her estate was named a defendant. Also named as defendants were two insurance companies, United Pacific Insurance Company and Factory Mutual Liability Insurance Company of America.[1] Plaintiff was granted a default judgment of $10,000 plus medical expenses against Sharon Mitchell's administrator. United settled, without answering the complaint, for the sum of $4,500. A summary judgment was entered against Factory in the amount of $5,000, and the latter prosecutes this appeal.

This case involves the interpretation and application of a relatively new type of casualty insurance—the "uninsured motorist" coverage. The Grittons' policy with United included this coverage as did the Russells' policy with Factory. The provisions of the two policies, with respect to this coverage, are practically identical and both contained a limit of $5,000 per person and $10,000 per accident.

Both policies had "other insurance" provisions. The Gritton policy with United reads:

"Other Insurance. * * *

considered one and the same with Factory.

1. Also named as a defendant is Automobile Mutual Insurance Company of America which, for the purposes of this appeal, is

With respect to bodily injury to an insured while occupying or through being struck by an uninsured automobile, *if such insured is a named insured*[2] *under other similar insurance* available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."[3] (Emphasis added.)

The Russell policy with Factory contains this provision:[4]

"Other Insurance. * * *

With respect to bodily injury to an insured while occupying an automobile *not owned by the named insured* the insurance hereunder shall apply only as excess insurance over any *other similar insurance available* to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of this part exceeds the sum of the applicable limits of liability of all such other insurance." (Emphasis added.)

The United policy contains an "excess clause" similar to that of Factory's, quoted above, which Factory contends is applicable to this case. However, plaintiff Russell clearly falls within the "insured" characterization of United's "pro rata clause" and, conversely, is excluded from its "excess clause," i. e., plaintiff was an insured occupying an automobile owned by a named insured, Gritton.[5]

Factory contends that its excess clause obligates it to pay only that amount by which the limits of its policy exceed the limits of all other available insurance. If applied to the facts of this case, this contention would allow Factory to avoid all liability. In support of this position Factory cites Appleman, Insurance Law and Practice, Vol. 8, p. 400:

"* * * Where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurance has the primary liability."

Where there is a conflict between a pro rata and an excess "other insurance" clause,

---

2. Which, in this case, would be the plaintiff. Under her policy with Factory, she was a "named insured."

3. This is known as a "pro rata clause."

4. Known as an "excess clause."

5. This conclusion is accurately explained in the concurring opinion of Mr. Justice Crockett.

a majority of the courts have imposed primary liability on the pro rata insurer and hold the excess insurer responsible only for secondary coverage of the loss.

> "The pro rata clause is considered inoperative on the theory that the policy with the excess provision is not the "other insurance" required for its application; the excess clause, on the other hand, is held to limit its policy to only secondary coverage, leaving the pro rata insurer liable to the limits of its policy." [6]

Plaintiff urges this court to adopt a minority view [7] that the "other insurance" provisions are mutually repugnant because there is no rational basis to find United has primary liability and therefore each company should pay a pro rata share of the judgment up to the limits of the policies. This is evidently the view adopted by the lower court.

In Smith v. Pacific Automobile Insurance Company,[8] where the issue was identical to the instant case, the Oregon Supreme Court held that the "other insurance" clauses of a passenger's and owner's policy, both of which referred to and operated upon the availability of other insurance were repugnant, and that the passenger's insurer was liable for its pro rata share of the loss under the uninsured motorist clause up to the limits of the risk it had contracted to carry. The court stated:

> " * * * One clause seeks to prorate a portion of the loss while the other seeks to avoid paying any portion of the loss if the limits of the 'primary' policy are the same as the limits of the 'secondary' policy. The circularity of the interaction of the two policies, each claiming the other must pay first is what makes them repugnant. The repugnancy, under Lamb-Weston, requires that both clauses be disregarded in their entirety. In the instant case, we hold that the two clauses are repugnant and may not, therefore, be given effect."

The reasoning of the Oregon court is persuasive, but we are constrained to adopt the majority rule which imposes primary liability on the pro rata insurer and secondary liability on the excess insurer. In 65 Columbia Law Review at page 327 it is stated:

> " * * * This approach has been criticized on the ground that its result depends solely upon which policy is looked to first, and that the favoring of the excess clause has not been rationally

---

6. 65 Col.L.Rev. 319, 326–327 (1965).

7. E. g. Lamb-Weston Inc. v. Oregon Automobile Ins. Co., 219 Or. 110, 341 P.2d 643, 346 P.2d 643, 76 A.L.R.2d 485 (1959); Smith v. Pacific Automobile Ins.

Co., 80 Or.Adv.Sh. 431, 400 P.2d 512 (1965); Firemen's Ins. Co. v. St. Paul Fire and Marine Ins. Co., Or., 411 P.2d 271 (1966).

8. Ibid.

justified—it is merely a carry-over from judicial experience in the property insurance field that is not supported by the same consideration in the area of automobile liability insurance. Despite the validity of this criticism, the majority approach to conflicting pro rata and excess clauses appears in most cases consistent with the intent of the insurers. To be sure, the excess provision in an automobile liability insurance policy does not convert that policy into 'true' excess insurance, which is usually issued at a reduced premium. Nevertheless, where an excess clause is inserted in a typical automobile liability policy, the usual intent of the insurer is that the policy will afford only secondary coverage when the loss is covered by 'other insurance.' On the other hand, a provision that limits a policy to only pro rata liability in the event of concurrent coverage usually is intended to become effective only when other valid and collectible primary insurance is available."

In Burcham v. Farmers Insurance Exchange,[9] the court encountered the identical issues as well as similar clauses as in the instant case. The court stated that it is now by far the majority view that the excess clause is given effect and preferred over the pro rata clause.

"The basis for so holding is not always clear. It may, however, be justified on what is a rational basis of the intent of the insurance industry in its use of such clauses to set up order of payment and limit amounts payable to prevent double recovery."

The court observed that if it were not for the other, each company covers the loss to the extent of its limits. The court stated that the clause upon which the excess insurer relies is more than a simple excess clause. It provides for the payment of the excess between the amount payable under other insurance and its own limit. Where the other insurance limit equals (as here) or exceeds the excess insurer's limit, the excess insurer escapes liability, for it assures up to the policy limit from some source.

The court stated:

"In addition to the fact Exchange's excess clause is a limited or mixed excess-escape clause we do not have here a driver or owner of the car causing the damage or loss. This is actually a different type of insurance, it does not protect against liability but is an added benefit to pay what the insured is legally entitled to recover against the owner or operator of an uninsured automobile. * * * Here there is no basis to say the Naurkal auto insured by Surety has the primary coverage unless it is from the intention expressed in both policies and from this a principle has been es-

9. 255 Iowa 69, 121 N.W.2d 500 (1963).

tablished by the courts that excess insurance is not to be considered other similar insurance available."

In response to the contention that a mixed excess-escape clause is not preferred over a pro rata clause, the court stated that the escape or no-liability feature of the excess insurer's policy affords a complete defense because the policy limits are the same in each policy.

The court stated:

"Though the reasoning may be criticized as circular and arbitrary, we believe the better rule is that where the insurance companies would be both liable except for the other, the excess-escape clause policy should be held to be not other similar insurance to the policy containing the pro rata clause, conversely, the policy with only its pro rata clause applicable is regarded as other similar insurance as used in the excess-escape clause. A fair construction of the intention as expressed in the policies is that each company intended to provide and the insureds intended to buy coverage to the extent stated in the excess-escape clause. * * * To disregard the provisions of both policies

and to allow plaintiff to collect to the extent of the policy limit of each policy, as asked by plaintiff, is equally absurd in the face of positive policy limitations. * * * It is clear the companies intended to sell less coverage and the insureds to buy less coverage, 'while occupying an automobile not owned by a named insured.' " [10]

This court has seriously considered the reasoning of both the Smith[11] and Burcham[12] cases and can find no compelling reason for departing from the majority rule as stated in Burcham. The applicable limits of liability in both Russell's and Gritton's policies were $5,000 per person. Thus the applicable limits of the Russell policy did not exceed the applicable limits of Gritton's policy. The language is free and clear of ambiguity, that since the limits of Russell's policy did not exceed Gritton's, excess coverage cannot be applied to Russell's policy.

Reversed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, J., concur.

WADE, J., heard the arguments, but died before the opinion was filed.

---

10. The reasoning of the Burcham opinion has been subsequently approved in Globe Indemnity Co. v. Baker's Estate, 22 A.D.2d 658, 253 N.Y.S.2d 170 (1964); Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420 (New Hampshire, 1965); Kirby v. Ohio Casualty Insurance Co., 232 Cal.App.2d 9, 42 Cal. Rptr. 509 (1965); Grunfeld v. Pacific Automobile Insurance Co., 232 Cal.App.2d 4, 42 Cal.Rptr. 516 (1965); United States Fidelity and Guaranty Co. v. Sellers, 179 So.2d 608 (Florida App.1965); and Miller v. Allstate Insurance Co., 405 P.2d 712 (Washington, 1965).

11. Footnote 7, supra.

12. Footnote 9, supra.

CROCKETT, Justice, (concurring).

I concur with the opinion of Justice Callister based upon the conclusion that the plaintiff Florence Russell comes within the exclusion of insurance under the "excess clause" of her own policy with Factory; and that she does not come within the exclusion of the "excess clause" of her host-driver Gritton's policy with United. But it seems to me that a bit of explanation of this conclusion is justified. This is particularly so because of the numerous cases and various holdings concerned with overlapping of insurance coverage, mostly in the extended coverage aspects of complex modern insurance policies.[1]

It is my opinion that if there is in fact multiple coverage, it would generally be fair and equitable to require the insurance companies to share the loss as provided in the pro rata clauses. If the so-called "excess clauses" apply identically to the claimant, they would in effect cancel each other. The fundamental questions to be determined are whether the claimant is covered, and whether there is in fact multiple coverage. If there is, I would reject tortuous and specious rationalizations on the basis of priority in time, more specificness as to vehicle or individual, or as to primary tort-feasor, and make an equitable apportionment of the loss.

The first essential in such cases is to examine the policies with care and to give effect to their language and intent. The subject policies here have several things in common. They both provide coverage for an injury to "an insured" suffered by the act of an uninsured motorist. It is also true that either policy would cover the plaintiff if the other policy did not exist. Further, by the recitals in their substantially identical "excess clauses" they each attempt to exclude coverage if there is any other insurance covering the loss. But the point of divergence is that if the wording of these "excess clauses" is examined carefully it will be seen that under the fact situation here presented they do not apply in identically the same way to the plaintiff, Mrs. Russell.

It is important to note that as the terms "an insured" and a "named insured" are separately used in the policies, there is a distinction between them. The "named insured" is the person to whom the policy runs and provides direct coverage, whereas "an insured" is anyone who might inciden-

---

1. In addition to the cases and authorities cited in the main opinion see: 63 W.Va. L.Rev. 48 (1960–61); 38 Minn.L.Rev. 838, 847 (1954); Vance Trucking Co. v. Canal Ins. Co., 251 F.Supp. 93, 96 (D.C.1966) and cases therein cited; Insurance Co. of Texas v. Employers Liability Assur. Corp., 163 F.Supp. 143 (S.D. Calif.1958); Arditi v. Mass. Bonding & Ins. Co., 315 S.W.2d 736 (Mo.1958); Farmers Ins. Exchange v. Fidelity and Cas. Co. of N. Y., 374 P.2d 754 (Wyo. 1962); Oregon Auto Ins. Co. v. U.S. Fidelity & Guar. Co., 195 F.2d 958 (9th Cir. 1952).

tally be entitled to insurance coverage under any provision of the policy, including the extended coverage provisions.

With the foregoing in mind it is appropriate to focus attention on each of these "excess clauses" to determine how they affect Mrs. Russell. Her policy with Factory, in which she is a "named insured," says to her: We provide coverage for an injury by an uninsured motorist. But the exclusion of the "excess clause" says, If you are injured, "while occupying an automobile *not owned by the named insured* (this is herself), then the *only* coverage shall be in excess of any other insurance available to you." Plaintiff fits into this condition. She *was* in an automobile *not owned by the named insured* (herself). She was in the car of Mrs. Gritton. Therefore, the provision in her policy that under those circumstances it would be liable only for the "excess over other available insurance" is clearly applicable. Since the policies were both for $5,000, there was no "excess."

On the other hand, the Gritton policy with United in which the plaintiff Mrs. Russell is not a "named insured" says to her: We provide coverage for injury by an uninsured motorist to "an insured" (again anyone who might be entitled to coverage under the policy, which would include Mrs. Russell). But if the injury is suffered, "while the insured is occupying an automobile *not owned by the named insured* (Mrs. Gritton), then the only coverage shall be in excess of any other similar insurance available." Plaintiff does not fit into this condition. That is, she *was not* "occupying an automobile *not owned by the named insured*" (Mrs. Gritton). But on the contrary, she *was* occupying an automobile which *was owned by the named insured* (Mrs. Gritton). Thus, she does not meet the requirement for the exclusion provided for by the "excess clause" in the Gritton policy with United. United therefore properly acknowledged liability and settled its $5,000 limit obligation for $4,500. In view of the fact that this insurance was "other insurance available" to plaintiff, she is excluded from coverage by the exclusion in the "excess clause" in her own policy with Factory.