**PACIFIC POWER & LIGHT COMPANY,**
a corporation, Plaintiff-Appellee,

v.

**TRANSPORT INDEMNITY COMPANY,**
a corporation, Defendant-Appellant.

No. 25064.

United States Court of Appeals,
Ninth Circuit.

April 24, 1972.

Frederic P. Roehr (argued), Duane Vergeer, of Vergeer, Samuels, Roehr & Sweek, Portland, Or., for defendant-appellant.

Hardy Myers, Jr. (argued), of Rives, Bonyhadi & Hall, Portland, Or., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER and TRASK, Circuit Judges.

TRASK, Circuit Judge:

Pacific Power & Light Company (Pacific) brought this action against Transport Indemnity Company (Transport) seeking damages for breach of an insurance contract. Jurisdiction in the court below was based upon diversity of citizenship, 28 U.S.C. § 1332, and the case is here upon appeal from a judgment of the district court in favor of the plaintiff.

Pacific is a public utility with its principal place of business in Oregon. It had purchased and had in force a general liability policy with The Home Insurance Company (Home) which contained a $25,000 deductible provision. In March 1964, it entered into a contract with Evergreen Helicopter, Inc. (Evergreen) wherein the latter agreed to patrol Pacific's transmission lines by helicopter and provide other services using Evergreen's equipment and personnel. Evergreen also agreed to obtain an insurance policy with $1,000,000 coverage for public liability and $1,000,000 property damage. The defense and payment coverages of this policy which it obtained from Transport related specifically to damages and suits arising from

"ownership, maintenance or use of helicopter described [in the policy]."

On March 26, 1965, Transport, by written endorsement, added Pacific as a named insured,

"[A]s respects claims arising out of or in connection with work performed for Pacific Power & Light Company by Evergreen Helicopters, Inc., for ALL OPERATIONS . . . ." (emphasis in policy).

Transport's policy with Evergreen also included this clause:

"If there is other insurance or self-insurance against an occurrence covered by this Policy, this insurance shall be deemed excess insurance over and above the applicable amounts of all such other insurance or self-insurance."

The Home policy contained this provision:

"Except for concurrent insurance of basically uniform wording in respect of which this Policy provides underlying limits, the insurance afforded by this Policy is in excess of and shall not contribute with any other collectible insurance available to the Assured covering a loss also covered by this Policy. Nothing herein shall be construed to make this Policy subject to the terms, conditions and limitations of such other insurance."

On April 26, 1965, a helicopter covered in the schedule of the Transport policy collided with a transmission line during work for Pacific. The crash killed the pilot, an employee of Evergreen, and two Pacific employees who were passengers.

In April 1967, Pacific was sued in three actions resulting from the 1965 crash of the helicopter scheduled in Transport's policy. The actions sought an aggregate of damages in the sum of $450,000 on behalf of the widow, the personal administrator and the children of an employee of the plaintiff. Each complaint alleged that the collision by the helicopter with an overhead power line was proximately caused by Pacific's acts or omissions. Pacific immediately tendered defense of the actions to Evergreen who referred the tender to Transport which in turn rejected it. Then Pacific tendered the defense directly to Transport noting that Pacific had been named as an additional insured under the Transport policy. When Transport did not respond, Pacific undertook the defense and ultimately settled the claims by payment of $25,000 to the guardian ad litem of the minor children of the employee. It incurred costs of defense in the sum of $3,352.50 and recovered judgment in the district court against Transport for these sums plus prevailing attorneys' fees in that action. Transport appealed.

The matter came before the district court upon motion and cross motion for summary judgment. There was no oral testimony. The facts stated in the pretrial order were stipulated and three exhibits referred to therein, were admitted.[1]

The district court pointed out that the Transport policy contained a clear responsibility to defend.[2] This obligation is a duty which is separate and apart from its duty to pay, reasoned the trial court, and it was clearly breached. The damages included the reasonable costs of defense incurred by the insured. Relying upon Myrtle Point v. Pacific Indemnity Co., 233 F.Supp. 193 (D.Or.1963), the court held that the damages also included the amount paid in settlement, which was $25,000. For the reasons hereinafter stated, we disagree with the trial court's decision.

It is the appellee's contention that Transport was obligated under its policy to defend the litigation which resulted from the helicopter accident and assume the liability. Transport argues that because the liability was settled within the deductible limits of appellee's policy with Home, it has no obligation; Transport's policy is excess over all other insurance or "self insurance," and it therefore became Pacific's duty to defend as the primary carrier to the extent of its "self-insurance."

■ In this diversity action the rights of the parties are to be determined according to the law of the State of Oregon. Where each of two insurance policies covering the same risk contains a clause providing that the policy shall be excess if there is "other insurance," the "Lamb-Weston Rule" of Oregon requires that the mutually repugnant clauses be disregarded. The liability of the two insurers is thereupon prorated on the basis of the coverage of each policy. Lamb-Weston, Inc. v. Oregon Auto. Ins. Co., 219 Or. 110, 341 P.2d 110, rehearing denied, 219 Or. 110, 346 P.2d 643 (1959); Fireman's Ins. Co. v. St. Paul Fire & Marine Ins. Co., 243 Or. 10, 411 P.2d 271 (1966); Smith v. Pacific Auto. Ins. Co., 240 Or. 167, 400 P.2d 512 (1965); General Ins. Co. v. Saskatchewan Gov't Ins. Office, 238 Or. 8, 391 P.2d 616 (1964). Here, Pacific was protected by two insurance policies against the risk which caused the loss, and each contained an "other insurance" clause making its coverage "excess" over all other insurance.[3] The parties have agreed in their pre-trial order that upon the date of the accident Pacific was insured by the Transport policy on helicopter operations and was also insured by The Home Insurance Company against liability for personal injury or loss of life "including such liability arising from Evergreen's operation for plaintiff." Agreed Facts of Pre-Trial Order, ¶ 14. Both policies therefore covered the same risk and the "other insurance" clauses were mutually conflicting within Lamb-Weston, supra.

■ Transport argues that because its "other insurance" clause also contains the phrase "or self-insurance," this takes the Transport policy out of the Lamb-Weston Rule and makes its policy secondary and the Home policy or the "self-insurer," the primary policy. We think not. There is still the "other insurance" provision outstanding in the Transport policy which is sufficient to make the Lamb-Weston Rule apply.

■ Transport undertook a direct obligation to Pacific when Pacific became a named insured under its Evergreen policy. This obligation was of course subject to all of the Transport policy provisions, whatever they may have been. However, it must have been clearly apparent when Pacific was sued in

---

1. Neither of the insurance policies was a part of the record on appeal although portions have been quoted in the briefs and in the trial court's opinion and in the pre-trial order. Our references to the policy provisions are limited to those sources.

2. "The Company also agrees, as respects insurance coverages and applicable limits afforded by this policy:
   "A. To investigate, negotiate settlement and defend suits pertinent to losses reported to the company."

3. See quotations, supra at 960.

three death cases with damages claimed at $450,000 that a $25,000 "self-insurer" (if Pacific was indeed within that definition) left much of Transport's obligation exposed. There is nothing in the record to indicate that at this time Transport's policy did not become applicable to this litigation along with that of Home. The self-insurer status of Pacific as relied upon by Transport was a deductible clause in the insurance contract between Home and Pacific. Pacific was not a self-insurer as to Transport nor is there any indication in the record that there was a deductible feature in the Transport policy which applied to Pacific. It appears to us that the mutual repugnancy between the Transport policy and the Home policy exists so that the *Lamb-Weston* Rule is applicable.

In Smith v. Pacific Automobile Insurance Co., 240 Or. 167, 172, 400 P.2d 512, 515 (1965), the Supreme Court referred to one of its earlier decisions, General Insurance Co. v. Saskatchewan Government Insurance Office, 238 Or. 8, 391 P.2d 616 (1964) and said,

"We held in that case that the interaction of two or more 'other-insurance' clauses creates a repugnancy whenever there is an open choice of which clause to invoke first."

In the present case there is such a choice. Pacific would invoke the other insurance clause of Home and assert that the Home policy (which contains the deductible provision) is excess and thus the Transport policy is primary. Transport urges us to look to its other-insurance clause to require the Home policy to provide initial coverage, thereby bringing Home's deductible provision into play so that Pacific bears the loss and Transport does not.

■■■ The Supreme Court of Oregon called down a plague upon both such houses in *Lamb-Weston, supra,* and, Solomon-like, required them to jointly share the loss on a prorata basis. Deciding this case according to the Oregon law, we do likewise.[4] Both appellant and appellee here disclaimed the application of *Lamb-Weston* in their briefs and in oral argument. Each has argued the rule but asserted that it did not apply because of the deductible clause in the Home policy. But the deductible feature of the Home policy is only one of its provisions. That clause is one which applies as between the insurer and the insured. Before one can reach the construction of the policy as between its parties, the entire policy must first be interpreted with relation to other possible policy coverage. Thus we must determine which of the two policies affords primary or secondary or prorata coverage. It is at this point that the Oregon court would apply its *Lamb-Weston* Rule.[5]

■■■ Another question remains to be settled. This is the determination of responsibility for the cost and expense of defense of the action, including attorneys' fees. It was borne by Pacific and totals $3,352.50, which Transport concedes is reasonable. Both the Home policy and the Transport policy contained obligations of the insurer either to defend (Transport) or to reimburse (Home) for defense costs. No Oregon case appears to speak clearly to

4. Other solutions to the problems created by such mutually repugnant clauses were considered and rejected by the Oregon Supreme Court. *See also,* Federal Ins. Co. v. Prestemon, 278 Minn. 218, 153 N.W.2d 429 (1967); 16 Couch, Insurance ¶ 62:79 at 523–524 (2d ed. 1966).

5. Appellant relies heavily upon United States Steel Corp. v. Transport Indem. Co., 241 Cal.App.2d 461, 50 Cal.Rptr. 576 (1966), where there were conflicting "other insurance" clauses in two different policies and a deductible feature in one. The California court held that the insured's deductible obligation was first to be exhausted before the company obligations for any excess were shared. As applied here both of the compensated insurers would be exonerated by the insured. Only one of them bargained for the deductible provision, however, and Transport receives it as a windfall. It appears to us that to prorate as between the two companies with the deductible feature resolved between Home and its insured to the extent that it may apply, is more consistent with the rationale of the *Lamb-Weston* Rule and cases following it in the State of Oregon.

this problem. More frequently the decision is that the two carriers will apportion "the loss" with no itemization of its components. Ordinarily the duty to pay costs and attorneys' fees is considered apart from the duty to pay a liability under the policy. Burnett v. Western Pac. Ins. Co., 255 Or. 547, 469 P.2d 602 (1970); Isenhart v. General Cas. Co., 233 Or. 49, 377 P.2d 26 (1962). However where a question of proration as between companies is concerned, there appears little reason to distinguish between the defense costs and the principal liability under the policy coverage. We so hold. Oregon Auto. Ins. Co. v. United States Fidelity & Guar. Co., 195 F.2d 958, 960 (9th Cir. 1952); Burnett v. Western Pac. Ins. Co., *supra*, at 606.

This case is before us on a pre-trial statement and order in lieu of a complete record and we have no copies of the policies, or information with respect to coverage limitations other than as set out in the pre-trial order. We therefore reverse and remand for the purpose of enabling the trial court to make the necessary factual determinations in order to enter judgment in accordance with the views expressed above, requiring proration as to both liability and defense cost.[6]

---

6. The Home Insurance Company is not a party to this litigation and a judgment here may not, therefore, be binding upon it.