Argued July 9, modified December 15, 1971

# THURMAN, *Respondent, v.* SIGNAL INSURANCE COMPANY, *Appellant.*

491 P2d 1002

*James H. Gidley,* Portland, argued the cause for appellant. With him on the briefs were Maguire, Kester, & Cosgrave, Portland.

*Bernard Jolles,* Portland, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

This is an appeal by defendant insurance company from a declaratory judgment proceeding in which plaintiff was declared to be entitled to recover under the uninsured motorist provisions of an automobile insurance policy issued to her husband by defendant.

The policy sold by defendant to plaintiff's husband provided uninsured motorist coverage in the

amount of $10,000 for each person. As the wife of the named insured, plaintiff also was an insured under the terms of the policy.

Plaintiff was involved in an accident while a passenger in an automobile which was driven by her husband and owned by his employer. The employer had a policy of insurance issued by Oregon Automobile Insurance Company (Oregon) which included uninsured motorist coverage of $10,000 per person. Plaintiff also was an insured under the provisions of that policy and Oregon paid an amount equaling its policy limits to plaintiff for injuries arising out of the accident.

Oregon's policy provided as follows:

"With respect to bodily injury to an insured while occupying a highway vehicle *not owned by the named insured,* this policy shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance." (Emphasis added.)

This provision has no application because the vehicle in which plaintiff was injured was owned by the named insured in Orgon's policy. The policy then continued as follows:

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the appli-

cable limits of liability of this insurance and such other insurance."

This provision is applicable to plaintiff because she was an insured and had other uninsured motorist insurance available to her. The maximum damages are specified to be the larger of the two policies (in this case, $10,000, since the limits of both policies were the same), and Oregon prorates that amount with the other insurer.

The uninsured motorist portion of defendant's policy provided as follows:

"Exclusions. This policy does not apply under Part IV:

"* * * * *

"(d) to bodily injury of the insured while in or upon or while entering into or alighting from an automobile other than the owned automobile if the owner thereof has insurance similar to that provided in Part IV."

This provision is known as an "escape" clause. It encompasses the present factual situation because the vehicle in which plaintiff was injured was other than an "owned vehicle" under the terms of defendant's policy and the owner of the vehicle had uninsured motorist coverage which insured plaintiff. Defendant's policy also provides:

"Other Insurance. Subject to sub-paragraph (d) of Exclusions (which provides that this policy does not apply under Part IV to bodily injury of the insured while in or upon or while entering into or alighting from an automobile other than the owned automobile if the owner thereof has insurance similar to that provided in Part IV) if the insured has insurance available to him under more than one uninsured motorist provision, any damages shall not be deemed to exceed the higher of

the applicable limits of respective coverages, and such damages shall be prorated between the applicable coverages as the limits of each coverage bears to the total of such limits."

The applicable provisions of the two policies are similar to those which existed in the case of *Sparling v. Allstate Ins. Co.*, 249 Or 471, 439 P2d 616 (1968), where we applied the Lamb-Weston doctrine.[1] The pro rata provision of one policy and the escape provision of the other were held to be repugnant to and in conflict with each other and of no effect.

The defendant contends that the case law applying the Lamb-Weston doctrine to conflicting uninsured motorist "other insurance" clauses is no longer applicable to the facts which were the basis for the decision in *Sparling* because ORS 743.792[2] was enacted subsequent to the occurrence of those facts. The statute provides:

"Every policy required to provide the coverage specified in ORS 743.789 [requiring uninsured motorist coverage in all policies] shall provide uninsured motorist coverage which in each instance *is no less favorable* in any respect *to the insured* or the beneficiary than if the following provisions were set forth in the policy. However, nothing contained in this section shall require the insurer to reproduce in such policy the particular language of any of the following provisions:

"* * * * *.

---

[1] Lamb-Weston et al v. Ore. Auto. Ins. Co., 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959), held that where two policies issued by different insurers cover the same loss and both policies attempt to limit coverage by "other insurance" provisions which conflict with and are repugnant to each other, such insurance provisions are of no effect and the insurers prorate the entire loss up to the total of the combined coverage.

[2] Oregon Laws 1967, ch 482, § 3.

"(9) (a) With respect to bodily injury to an insured while occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any other insurance available to such occupant which is similar to this coverage, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

"(b) With respect to bodily injury to an insured while occupying or through being struck by an uninsured vehicle, if such insured is an insured under other insurance available to him which is similar to this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance or such other insurance, and the insurer shall not be liable under this coverage for a greater proportion of the damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"* * * * *." (Emphasis ours.)

Defendant points out that in the situations described in (9) (a) and (b), the statute respectively permits excess and pro rata uninsured motorist "other insurance" clauses. Defendant argues that the legislature, at the time it enacted the statute, must have been aware 1) that this court believes that conflict exists between these clauses when they are used in separate policies which cover the same injury; and 2) that when such is the case, this court, as it did in *Smith v. Pacific Auto. Ins. Co.*, 240 Or 167, 400 P2d 512 (1965), applies the Lamb-Weston doctrine and sets the clauses aside. Defendant, therefore, draws the conclusion that the legislature, by the enactment of the statute, must have intended to do away with the doctrine as it applies to

uninsured motorist coverage because it would not have authorized the use of clauses which it knew the court would nullify.

Plaintiff, in return, argues that even if the legislature intended by the statute to permit mutually repugnant "other insurance" clauses, defendant's policy fails to take advantage of the statute. Plaintiff points out defendant did not include any of the "other insurance" provisions prescribed by the statute, but, instead, included in its policy an escape clause which was illegal because it was less favorable than permitted by the legislation. Defendant argues in reply that, in that situation, the minimum allowable restriction should be substituted for the offending escape clause because, otherwise, the insured would be penalized by a policy form instituted before the enactment of the statute. Plaintiff rebuts this argument with the claim that such a substitution would amount to the judicial drawing of a new contract for the parties.

■ We believe plaintiff has the best of the argument. If the legislature was dissatisfied with the application of the Lamb-Weston doctrine to conflicting uninsured motorist provisions relating to other insurance, it would have taken a more clear and less obfuscating method of expressing its dissatisfaction. We hold the escape provision of defendant's policy to be of no effect because it is less favorable than is permitted by ORS 743.792, and, in any event, it is in conflict with the "other insurance" provision of Oregon's policy.

However, defendant also contends that even though the escape clause in its policy is held to be of no effect, the remaining general "other insurance" provision is effective and limits the damages to the

higher applicable amount of the two policies ($10,000, since that is the coverage of each policy) which plaintiff has already received from Oregon.

Plaintiff, on the other hand, claims that because clause (d) of "Exclusions" in defendant's policy covers an insured who is injured while a passenger in a *non-owned* vehicle, its additional "other insurance" clause was intended to apply only to the remaining coverage which necessarily related only to *owned* vehicles. Since a non-owned vehicle was involved, in regard to defendant's policy, plaintiff concludes that the pro rata "other insurance" provision with its limitation of coverage has no application and that defendant is responsible for the full amount of the loss up to its policy limits regardless of what Oregon has paid plaintiff.

■ ■ It seems to us that the general "other insurance" provision was intended to encompass all situations in which defendant provided coverage. The "other insurance" clause specifically excluded the non-owned vehicle situation covered by exclusion (d) because to have included it would have destroyed its status as an exclusion. It was excluded on the basis that the policy provided no coverage under such circumstances. By statute, and by judicial decision in *Sparling,* the exclusion from coverage is not effective. Thus, under defendant's policy there is coverage. There being coverage afforded and other insurance available, the "other insurance" provision applies.

■ Having held the general "other insurance" clause of defendant's policy to be effective, we will pursue the next question of whether its coverage can be limited to one policy limit as between the two insurers or whether the policy limits can be "stacked"

if the injuries are sufficiently serious. Defendant's policy provides:

> "[I]f the insured has insurance available to him under more than one uninsured motorist provision [she does], any damages shall not be deemed to exceed the higher of the applicable limits of respective coverages [$10,000], and such damages shall be prorated between the applicable coverages as the limits of each coverage bears to the total of such limits [equally]."

A similar limitation appears to be authorized by ORS 743.792(9)(b). In any event, the provision is not repugnant to or in conflict with anything in Oregon's policy. Therefore, we can see no basis for saying it is not binding. Plaintiff's damage, insofar as defendant is concerned, is limited to a total of $10,000 to be contributed equally by both insurers.

In both *Sparling* and *Smith*, we allowed a recovery up to the combined total of both policies. *Sparling*, unlike the present case, evidenced no policy provision which limited damages to the higher of the two insurers' applicable limits. Though the opinion in *Smith* does not disclose it, an examination of the briefs in that case shows that both insurers' policies contained applicable "other insurance" clauses which provided for proration, in addition to the clauses which were voided, and which *did not* confine the damage to the greater of the two policy limits as the similar provision does in the present policy. However, the opinion in *Smith* is not based upon such additional "other insurance" clauses, as we believe it could have been. Apparently, no one called to this court's attention that there was an alternative basis for the opinion, probably, because the outcome would have been the same. The opinion was based upon the theory that

when the repugnant clauses were voided and became inoperable, the usual Lamb-Weston formula applied, as it does when all applicable "other insurance" clauses are voided.

Although the application of the Lamb-Weston principle requires the cancellation of repugnant clauses, we see nothing that should prevent an additional portion of the policy, which is not invalidated, from limiting the amount of coverage. Proration of the entire loss within the combined policy limits is required by the Lamb-Weston formula only when no applicable and non-conflicting provision remains which further limits coverage. In the absence of conflict with the provisions of another applicable policy, the parties can make any contract they desire. In *Smith,* an *invalidated* provision contained such a limitation. In the present case, after the invalidation of the escape clause, a valid, separate, and remaining "other insurance" provision limited the damages to the higher of the two policy limits or, because the limits were the same, to one policy limit.

■ The next question is whether defendant can take advantage of Oregon's payment to plaintiff of what appears to be $5,000 more than Oregon's proportionate share of the total liability. We believe that if Oregon paid plaintiff more than its share of the total insurance liability, then that is a matter between plaintiff and Oregon, and it ought not to have any effect in the present case.

This was the conclusion of the court in *Fitzsimmons v. The City Fire Insurance Company of New Haven,* 18 Wis 246 [\* 234], 86 Am Dec 761 (1864), an action on a fire insurance policy containing a pro rata clause. The defendant insurer answered that the entire

loss had been paid by other companies which had also insured the property. The court held that a demurrer to the answer had been properly sustained, saying:

> "\* \* \* Now if all the policies contained a similar clause, then it is very clear that the principle of contribution would not apply to the companies, if either should pay more than its proper proportion of the loss. Nor could one company, under such circumstances, derive any benefit from an excess of payment made by another company. For it is very evident that if one company should pay more than its ratable portion of the loss, it would be a matter solely between itself and the assured, and it could not call upon the other companies to contribute \* \* \*." 18 Wis at 251 [\* 239].

The opinion relies on *Lucas v. Jefferson Ins. Co.,* 6 Cow NY 634 [\* 635] (1827), in which the same conclusion was reached.

Another similar case, also involving multiple fire insurance policies, is *Hanover Fire Ins. Co. v. Brown,* 77 Md 64, 25 A 989, 991-92, 27 A 314 (1893). Where all the policies contained pro rata clauses, the court held that it would be no defense in an action on one of the policies that other insurers had paid plaintiff the full amount of the loss:

> "\* \* \* Each insurer binds himself to pay his own proportion of the loss, without any reference to what may be paid by the others. If they pay more or less than they are bound to pay, or if they do not pay anything, it in no manner concerns him. If in this case the other insurance companies had paid the whole loss, they would have had no right of contribution from the defendant, and neither would such payment have discharged any portion of the defendant's liability to the insured \* \* \*." 25 A at 991.

The following cases, among others, approve the principle that the obligations of insurers to pay a proportionate share of the loss under pro rata clauses in their policies are separate: *Parkway v. United States Fire Ins. Co.,* 314 Mass 647, 51 NE2d 436, 437 (1943); *Commercial Union Ins. Co. v. Farmers Mut. Fire Ins. Co.,* 457 SW2d 224, 227 (Mo App 1970); *American Reliable Ins. Co. v. St. Paul Fire & M. Ins. Co.,* 79 SD 226, 110 NW2d 344, 346-47 (1961); *Traders & General Ins. Co. v. Hicks Rubber Co.,* 140 Tex 586, 169 SW2d 142, 148 (1943); *Incorporated Village v. Hartford Steam B. I. & I. Co.,* 117 Vt 114, 85 A2d 577, 581 (1952).

It can be argued that because the policies have to be construed together in order to determine each insurer's obligation to the insured, they cannot be treated as separate and independent when deciding whether one insurer may take advantage of payments made to the insured by the other insurer. However, while it is necessary, in determining each insurer's *liability,* to examine the liability of the other insurer as provided by its policy, there is nothing in either policy which requires that the liability it imposes be determined or affected by how much the other insurer *pays.* It appears to us that each insurer may pay what it pleases, whether less or more than it is obligated to pay, without affecting the other insurer's obligation under its contract.

The decision of the trial court was that the defendant was responsible to plaintiff under its contract. It appears that it was intended by that decision that defendant was to be responsible to the full amount of the $10,000 policy if the injuries were of sufficient magnitude. The judgment of the trial court

is modified to provide that defendant's responsibility to plaintiff under its contract is limited to no more than $5,000.

O'CONNELL, C. J., dissenting in part.

I dissent from that part of the opinion which holds that plaintiff is entitled to recover $5,000 in this proceeding. The court reaches this conclusion on the reasoning that each of the policies constitute a separate contract obligating each insurer to pay only a pro rata share of the loss. The previous payment of the full loss by the co-insurer is disregarded on the theory that each of the insurance contracts stands alone and any payment made under one is of no significance in an action upon the other.

Whether the reasoning is sound depends upon where one starts. If one starts with the pro rata clause of the policy, the court's conclusion comes easy; if, however, one starts with the insuring agreement, which binds each insurer to pay the entire loss, the opposite conclusion is equally easy to arrive at.

Either conclusion is an *ipse dixit* unless reason is marshalled to explain it. The cases relied upon by the majority do not satisfactorily explain why the insured's recovery should be governed by the pro rata clause rather than the insuring clause.

I prefer to turn to cases that do attempt to explain why the choice is made. Such a case is *Wilks v. Allstate Insurance Company,* 195 So2d 390 (La Court of Appeals, 3rd Cir 1967). In that case the court concludes that the liability of the insurer "is not transmuted by the pro rata clause into only partial coverage which may be less than the policy limits for which premiums were charged." The court reaches this con-

clusion through several avenues of reasoning, the most compelling of which in my opinion is a practical one which the court explains as follows:

> "Under the pro rata clause (see footnote 1), the company's liability is shared proportionately with the policy limits of another company which has also provided *valid and collectible insurance against such loss.* If this other alleged insurer is not impleaded in the suit, any holding that this other insurance is 'valid and collectible' is not binding upon the other company in different proceedings by the insured against such other company to enforce such other alleged coverage. Thus a defendant insurer's protection of its insured might be reduced to below policy limits in present litigation, but the insured nevertheless denied recovery against the other insurer in subsequent litigation. To effectuate the policy intention we believe that ordinarily the other insurance cannot be regarded as 'valid and collectible' so as to reduce an insurer's liability below policy limits, unless the validity and collectibility [footnote omitted] of the other insurance is determined by proceedings to which the alleged other i n s u r e r is a party [footnote omitted]." 195 So2d at 399.

Based upon this practical consideration and for other reasons I shall not summarize, the court concluded that "the pro rata clause is simply designed to regulate contribution *as between insurers* which may have provided coverage which happens to apply to the same loss."

I reach the same conclusion. I would, therefore, hold that plaintiff's previous recovery from the co-insurer of his entire loss now bars him from recovery against defendant. The co-insurer will, of course, be entitled to contribution against defendant for a pro rata share of the loss.