Argued April 4, reversed and remanded with directions June 22, petition for rehearing denied July 25, 1972

BYRNS, *Appellant, v.* ALLSTATE INSURANCE COMPANY ET AL, *Respondents.*

498 P2d 762

*E. R. Bashaw,* Medford, argued the cause and filed briefs for appellant.

*Wm. V. Deatherage,* Medford, argued the cause for respondent Allstate Insurance Company. On the brief were Frohnmayer and Deatherage, Medford.

HOLMAN, J.

Plaintiff, a minor, was injured while he was a passenger in an automobile owned and operated by Jess Netherland when it was involved in an accident with a car negligently driven by an uninsured motorist. Netherland was killed, and several other passengers in the vehicle were seriously injured.

At the time of the accident, defendant insurer had in effect identical policies of automobile insurance which it had issued to Netherland and to plaintiff's mother. These policies contain uninsured motorist insurance with limits of $10,000 for any one individual and $20,000 for any one accident. Defendant acknowledged coverage of plaintiff under the Netherland policy and paid its $20,000 gross uninsured motorist limit on that policy. After the amount was apportioned among all the claimants, however, plain-

tiff received only $2,500, although his damages were substantially greater.

Plaintiff also made a claim under his mother's policy. Defendant conceded that plaintiff would be entitled to uninsured motorist benefits as an insured under his mother's policy except for his coverage under the policy which it had issued to Netherland. Defendant contends that the "other insurance" provision of the policy issued to plaintiff's mother excludes any coverage for him thereunder.

Plaintiff brought this declaratory judgment proceeding through his guardian to determine if coverage is available to him under the uninsured motorist provision of defendant's automobile insurance policy which it had issued to his mother. The trial court held that coverage was not available to plaintiff and plaintiff appealed.

The two identical policies have "other insurance" provisions, as follows:

> "*With respect to bodily injury* to an insured *while occupying an automobile not owned by the principal named insured, the insurance* under this endorsement *shall apply only as excess* insurance *over any other similar insurance available* to such insured and applicable to such automobile as primary insurance, *and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.*" (Emphasis ours.)

This "other insurance" provision is the one originally applicable in plaintiff's mother's policy, the policy under which plaintiff seeks relief in this proceeding. It applies because at the time of the accident plaintiff

was occupying an automobile not owned by the principal named insured (his mother) and he was also covered by other insurance (the Netherland policy).

The policies in question continue:

"Except as provided in the foregoing paragraph, *if the insured has other similar insurance* available to him and applicable to the accident, *the damages shall* be deemed *not* to *exceed the higher of the* applicable *limits* of liability *of this insurance and such other insurance,* and *the company shall not be liable for a greater proportion of any loss* to which this coverage applies *than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.*" (Emphasis ours.)

This is the general "other insurance" provision and the one which is applicable to plaintiff's coverage under the Netherland policy because plaintiff was an insured under that policy as an occupant of the Netherland vehicle and he had other uninsured motorist insurance available to him under his mother's policy.

We therefore start out with both policies providing coverage to plaintiff in the absence of other insurance. The policy issued to plaintiff's mother provides that if plaintiff was occupying an automobile not owned by his mother (he was), the insurance provided him shall apply only as excess over any other insurance that is available to him, whereas the Netherland policy provides that if there is other insurance (there was), the loss shall be prorated with the other insurance.

To this point, the present case is an exact factual duplication of *Smith v. Pacific Auto Ins. Co.,* 240 Or 167, 400 P2d 512 (1965), with the exception that here the insurer is the same in both policies. We be-

lieve this exception is immaterial in resolving the issues under consideration. The language of the policies in *Smith* was slightly different than the language used in the present case, but the import is the same. In *Smith* we held as follows:

"* * * In the case at bar, both clauses refer to and operate upon the availability of other insurance. One clause seeks to prorate a portion of the loss while the other seeks to avoid paying any portion of the loss if the limits of the 'primary' policy are the same as the limits of the 'secondary' policy. The circularity of the interaction of the two policies, each claiming that the other must pay first, is what makes them repugnant. The repugnancy, under *Lamb-Weston,* requires that both clauses be disregarded in their entirety. In the instant case, we hold that the two clauses are repugnant and may not, therefore, be given effect." 240 Or at 172.

As a result, in *Smith* the clauses were disregarded in their entirety and the insured was allowed to "stack" the policies and to collect the full amount of his own policy in addition to the partial recovery he secured under the policy covering the vehicle in which he was riding. This was upon the condition that the injuries were sufficiently serious to justify the combined amount of the recoveries.

*Smith* is determinative of the issue of repugnancy and would be determinative of the entire matter here except for a disparity between the general "other insurance" provisions in the defendant's policy in *Smith* and in the defendant's policy in this case, which disparity affects only the issue of "stacking." After the "other insurance" provision in the policy issued to plaintiff's mother which relates to injuries during the occupancy of a nonowned vehicle has been voided, there still remains the general "other insurance" pro-

vision which says that if there is other insurance, *the damages shall not exceed the higher of the applicable limits of the two policies* and such damages shall be prorated. In *Smith* the "other insurance" provision *which was voided* contained such a limitation, but the remaining general "other insurance" provision *did not.*

In the above respect, the present situation is identical with that which existed in *Thurman v. Signal Insurance Company,* 260 Or 524, 491 P2d 1002 (1971). In that case, after voiding the provision in the defendant's policy which was applicable to injuries incurred in a nonowned vehicle, we held that the remaining general "other insurance" provision, which contained the "nonstacking" limitation was applicable. In *Thurman* we said:

"* * * Though the opinion in *Smith* does not disclose it, an examination of the briefs in that case shows that both insurers' policies contained applicable 'other insurance' clauses which provided for proration, in addition to the clauses which were voided, and which *did not* confine the damage to the greater of the two policy limits as the similar provision does in the present policy * * *." 260 Or 532.

"Although the application of the Lamb-Weston principle requires the cancellation of repugnant clauses, we see nothing that should prevent an additional portion of the policy, which is not invalidated, from limiting the amount of coverage. Proration of the entire loss within the combined policy limits is required by the Lamb-Weston formula only when no applicable and non-conflicting provision remains which further limits coverage. In the absence of conflict with the provisions of another applicable policy, the parties can make any contract they desire. In *Smith,* an *invalidated* provision contained such a limitation. In the present case, after the invalidation of the escape clause, a

> valid, separate, and remaining 'other insurance' provision limited the damages to the higher of the two policy limits or, because the limits were the same, to one policy limit." 260 Or 533 (Emphasis theirs.)

This language in *Thurman* is equally applicable to the identical situation in this case.

■ As a result, we hold that the defendant's policy afforded coverage to plaintiff. The excess "other insurance" provision which purports to cover those instances in which an insured is injured while an occupant in a nonowned vehicle is voided and the general "other insurance" provision thereupon comes into play. This general provision, however, limits the amount of plaintiff's damages to the greater of the policy limits, $10,000 in this case, which amount is prorated. Defendant is responsible to plaintiff under his mother's policy for 50 per cent of plaintiff's damages, said 50 per cent not to exceed the sum of $5,000.

■ Defendant contends that the doctrine of conflicting uninsured motorist "other insurance" clauses laid down in *Smith* is no longer applicable to these facts. It argues the doctrine was abolished when the 1967 legislature[1] adopted ORS 743.792(9)(a) and (b)[2],

---

[1] Oregon Laws 1967, ch 482, § 3.

[2] "ORS 743.792. Requirements of uninsured motorist coverage. "* * * * *.

"(9) (a) With respect to bodily injury to an insured while occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any other insurance available to such occupant which is similar to this coverage, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

"(b) With respect to bodily injury to an insured while occupying or through being struck by an uninsured vehicle,

which authorize provisions substantially similar to the ones used in these policies. The reasoning is that the legislature would not have authorized "other insurance" provisions which this court theretofore had held to be repugnant without intending to void the case law made by this court. This contention was disposed of during the pendency of this appeal in *Thurman v. Signal Insurance Co., supra* at 1485, in a manner contrary to defendant's position. We said:

> "* * * If the legislature was dissatisfied with the application of the Lamb-Weston doctrine to conflicting uninsured motorist provisions relating to other insurance, it would have taken a more clear and less obfuscating method of expressing its dissatisfaction. We hold the escape provision of defendant's policy to be of no effect because it is less favorable than is permitted by ORS 743.792, and, in any event, it is in conflict with the 'other insurance' provision of [the other] policy."

The judgment of the trial court is reversed and this case is remanded with the instructions to enter a judgment in conformance with this opinion.

----

if such insured is an insured under other insurance available to him which is similar to this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance or such other insurance, and the insurer shall not be liable under this coverage for a greater proportion of the damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and such other insurance.