Argued September 7, reversed and remanded November 16, 1972

## THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant, v.* FARMERS INSURANCE EXCHANGE, *Respondent.*

502 P2d 1375

*Fred Allen,* Coos Bay, argued the cause and filed a brief for appellant.

*James C. Tait,* Oregon City, argued the cause for respondent.

PER CURIAM.

Plaintiff appealed from a judgment for defendant which resulted after a trial by the court on a stipulated statement of facts.

Plaintiff issued a policy of automobile liability insurance to the owner of a vehicle, which policy contained uninsured motorist coverage not only for the owner but for anyone using the vehicle with his consent. The owner lent his vehicle to two persons who had uninsured motorist coverage resulting from a similar policy issued by defendant, which covered them not only when each was in his own vehicle but when each was occupying someone else's vehicle as well. The borrowers of the vehicle, while occupying the borrowed vehicle, were involved in an accident for which an uninsured motorist was responsible. Plaintiff's policy provided that if an accident occurred for which there was other coverage, the loss would be prorated with the other insurer. Defendant's policy provided that in circumstances identical with the present, if there was a loss and other coverage, defendant's coverage would be excess only.

Plaintiff invited defendant to participate in a settlement with the injured insureds, but defendant declined. Plaintiff then settled with the injured insureds and brought this action against defendant for contribution. There is no question concerning the reasonableness of the settlement.

The circumstances as well as the terms of the policy in this case are substantially identical with those in *Byrns v. Allstate Insurance Company,* 262 Or 462, 498 P2d 762 (1972), except that plaintiff in this case was able to settle the claims within its policy limits and, therefore, there is no question of "stacking" here as there was in *Byrns.* The conflicting "other insurance" provisions are of no effect, and the insurers prorate the loss under the rationale of the doctrine first laid down in *Lamb-Weston et al v. Ore. Auto. Ins. Co.,* 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959). The defendant is making the same contentions as were made by the company occupying the identical position in *Byrns.* The primary argument made is that the *Lamb-Weston* doctrine is not applicable to these conflicting "other insurance" clauses because of the enactment of ORS 743.792(9)(a) and (b). There are arguments both for and against the contention advanced by defendant, but this court in *Byrns* decided adversely to that contention, and that decision is controlling here. *Also see Thurman v. Signal Insurance Co.,* 260 Or 524, 491 P2d 1002 (1971).

The judgment of the trial court is reversed and the case is remanded with instructions to enter judgment in favor of plaintiff for that part of the settlement made by plaintiff with the injured insureds which is proportional to defendant's policy limits as compared with plaintiff's policy limits.