502 P.2d 1375 (1972)
THE UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, Appellant,
v.
FARMERS INSURANCE EXCHANGE, a California Corporation, Respondent.
Supreme Court of Oregon, In Banc.
Argued and Submitted September 7, 1972.
Decided November 16, 1972.
Fred Allen, Coos Bay, argued the cause and filed a brief for appellant.
James C. Tait, Oregon City, argued the cause for respondent. With him on the brief were Frederic D. Canning, and Hibbard, Caldwell, Canning & Schultz, Oregon City.
PER CURIAM.
Plaintiff appealed from a judgment for defendant which resulted after a trial by the court on a stipulated statement of facts.
Plaintiff issued a policy of automobile liability insurance to the owner of a vehicle, which policy contained uninsured motorist coverage not only for the owner but *1376 for anyone using the vehicle with his consent. The owner lent his vehicle to two persons who had uninsured motorist coverage resulting from a similar policy issued by defendant, which covered them not only when they were in their own vehicle but when they were occupying someone else's vehicle as well. The borrowers of the vehicle, while occupying the borrowed vehicle, were involved in an accident for which an uninsured motorist was responsible. Plaintiff's policy provided that if an accident occurred for which there was other coverage, the loss would be prorated with the other insurer. Defendant's policy provided that in circumstances identical with the present, if there was a loss and other coverage, defendant's coverage would be excess only.
Plaintiff invited defendant to participate in a settlement with the injured insureds, but defendant declined. Plaintiff then settled with the injured insureds and brought this action against defendant for contribution. There is no question concerning the reasonableness of the settlement.
The circumstances as well as the terms of the policy in this case are substantially identical with those in Byrns v. Allstate Insurance Company, 95 Or.Adv.Sh. 115, 498 P.2d 762 (1972), except that plaintiff in this case was able to settle the claims within its policy limits and, therefore, there is no question of "stacking" here as there was in Byrns. The conflicting "other insurance" provisions are of no effect, and the insurers prorate the loss under the rationale of the doctrine first laid down in Lamb-Weston et al. v. Ore. Auto. Ins. Co., 219 Or. 110, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 (1959). The defendant is making the same contentions as were made by the company occupying the identical position in Byrns. The primary argument made is that the Lamb-Weston doctrine is not applicable to these conflicting "other insurance" clauses because of the enactment of ORS 743.792(9) (a) and (b). There are arguments both for and against the contention advanced by defendant, but this court in Byrns decided adversely to that contention, and that decision is controlling here. Also see Thurman v. Signal Insurance Co., 260 Or. 524, 491 P.2d 1002 (1971).
The judgment of the trial court is reversed and the case is remanded with instructions to enter judgment in favor of plaintiff for that part of the settlement made by plaintiff with the injured insureds which is proportional to defendant's policy limits as compared with plaintiff's policy limits.
Reversed and remanded.