Argued October 11, modified and remanded December 14, 1972

BYRE, *Respondent, v.* STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
*Appellant.*

504 P2d 91

*Frederic P. Roehr,* Portland, argued the cause for appellant. With him on the brief were Vergeer, Samuels, Roehr & Sweek, Portland.

*David N. Hobson,* Portland, argued the cause for respondent. With him on the brief were Phillips, Coughlin, Buell, Stoloff & Black, Portland.

PER CURIAM.

Defendant appeals from a judgment in favor of plaintiff which was entered after a demurrer to plaintiff's complaint was overruled and defendant refused to plead further.

Defendant issued a policy of automobile insurance to plaintiff which contained uninsured motorist coverage regardless of whether plaintiff was occupying an owned automobile or one belonging to another. Plaintiff was injured by an uninsured motorist while riding as a passenger in a vehicle other than his own. Plaintiff was also the beneficiary of a policy containing uninsured motorist coverage issued by Volkswagen Insurance Company to the owner of the vehicle in which plaintiff was riding. Each policy provided coverage of $10,000. Plaintiff's damage was in excess of $20,000. Volkswagen paid plaintiff $10,000. Plaintiff brought this action upon his policy issued to him by defendant and secured a judgment for an additional $10,000. Defendant contends there is no liability to plaintiff under its policy, but, if there is, that liability can be no more than $5,000.

The applicable provisions of both the defendant's and Volkswagen's policy and the legal questions involved are substantially the same as those considered by this court in *Byrns v. Allstate Ins. Co.,* 262 Or 462, 498 P2d 762 (1972).[1] *Byrns* holds that an insurer in

---

[1] *Also see,* U. S. Fidelity and Guaranty v. Farmers Insurance

defendant's position is responsible to its insured for that proportion of the greater of the two policies which defendant's policy limits bear to Volkswagen's limits.

The judgment of the trial court is modified and the case is remanded for the entry of a judgment against defendant in the sum of $5,000.

Exchange, 263 Or 457, 502 P2d 1375 (1972), and Thurman v. Signal Insurance Co., 260 Or 524, 491 P2d 1002 (1971).