Argued February 7, affirmed with directions May 31, 1974

GUTHRIE, *Appellant, v.* STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY ᴇᴛ ᴀʟ,
*Respondents.*

522 P2d 896

*Terry DeSylvia,* Portland, argued the cause for appellant. With him on the briefs were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*J. Philip Parks,* Salem, argued the cause for respondent State Farm Mutual Automobile Insurance Company. With him on the brief were Miller, Beck & Parks, Salem.

*Ronald G. Stephenson,* Portland, argued the cause for respondent General Insurance Company of America. With him on the brief were Douglas G. Houser, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

HOLMAN, J.

Plaintiff commenced an action against his insurer, State Farm Mutual Automobile Insurance Company (State Farm), to recover benefits for injuries caused by the negligence of an uninsured motorist. The General Insurance Company of America (Safeco) intervened, alleging that it had overpaid plaintiff $5,000 by mistake and contending that this sum was owing from either plaintiff or State Farm. The case was tried to the court without a jury and the court held that plaintiff was not entitled to recover from State Farm and that Safeco was entitled to recover the $5,000 from State Farm. Plaintiff appealed.

Plaintiff suffered serious personal injuries while

driving his daughter's vehicle with her consent when he collided with another vehicle. Plaintiff was entitled to recover for his injuries from the operator of the other vehicle, and such operator was uninsured. For the purpose of this appeal we must assume, but we do not decide, that plaintiff's injuries were in excess of $20,000. The daughter had a policy with Safeco which covered plaintiff as an omnibus insured and which contained uninsured motorist coverage in the sum of $10,000. Safeco paid this sum to plaintiff. Plaintiff also had at the time of the accident $10,000 uninsured motorist coverage by virtue of a policy issued to him by State Farm. State Farm's policy provided that if there was other uninsured motorist coverage its policy would be excess. Safeco's policy provided that if there was other uninsured motorist coverage it would pro-rate the loss with the other insurer. Both policies contained a non-stacking provision to the effect that if there was other coverage the loss would be deemed not to exceed the coverage of the greater of the two policies (in this case $10,000, as both policies were for that amount).

After plaintiff brought this action to recover $10,000 from State Farm, this court's opinion in *Thurman v. Signal Insurance Co.*, 260 Or 524, 491 P2d 1002 (1971) was handed down. Two things then occurred: (1) Safeco intervened, with the consent of the parties, claiming it was entitled to recover $5,000 paid by mistake to plaintiff or, in the alternative, it was entitled to recover $5,000 from State Farm on the basis of subrogation or unjust enrichment; (2) State Farm admitted that it was obligated by its policy to the extent of $5,000.

*Thurman* was a case in which the facts and the

insuring agreements were substantially the same as in this case except that the policy issued by the insurer in the position of State Farm had an escape clause in it instead of an excess provision, as is the case here. The difference is immaterial to the issues in this case. *Sparling v. Allstate Ins. Co.*, 249 Or 471, 439 P2d 616 (1968). In *Thurman* we held that the pro rata clause of one policy (Safeco here) and the escape clause of the other (State Farm here) were repugnant and should be disregarded, and that the insurer in the position of State Farm had a second general "other insurance" provision that became applicable when the non-owned vehicle "other insurance" provision was voided. This general "other insurance" provision provided for non-stacking and proration, and we allowed a recovery of $5,000 since the limits of the two policies were the same ($10,000).

We also held in *Thurman* that while the policies must, because of their "other insurance" terms, be construed together to determine the amount each company owes, each insurer's obligation to pay whatever it owed to the insured was independent of the other insurer's obligation, and, therefore, the insurer in the position of State Farm could not take advantage of an overpayment by the other insurer (in this case Safeco) if such overpayment existed. As applied to this case, *Thurman* dictates that plaintiff is entitled to recover $5,000 from State Farm despite any overpayment to him by Safeco. It also follows, therefore, that plaintiff is entitled to attorney fees from State Farm.

However, this case has an additional dimension because Safeco was allowed, *with the consent of the parties,* to intervene and to assert that it had paid too much and was entitled to recover $5,000 from one or

18

the other of the original parties. It therefore becomes necessary for us, for the first time, to decide the amount an insurer in the position of Safeco is required to pay an insured in the position of plaintiff. After the application of the *Lamb-Weston* doctrine,[1] the provisions of both policies are as follows:

"STATE FARM

"~~Under coverage U with respect to *bodily injury* to an *insured* while *occupying* a vehicle not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.~~" (Factually applicable—provides for excess coverage and therefore repugnant to the applicable pro rata "other insurance" clause of Safeco's policy and must be disregarded.)

"Subject to the foregoing paragraph, under coverage U if the *insured* has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater portion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance." (Applicable provision after the voiding of the non-owned vehicle "other insurance" provision—has effective non-stacking and pro rata provision.)

---

[1] Lamb-Weston et al v. Ore. Auto. Ins. Co., 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959).

## "SAFECO

"~~With respect to bodily injury to an insured while occupying a highway vehicle not owned by the named insured, this insurance shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.~~" (Not factually applicable because plaintiff was not occupying a non-owned vehicle as to Safeco.)

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, ~~and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.~~" (Factually applicable—provides for pro rata coverage and the pro rata portion is repugnant to the applicable excess "other insurance" clause of State Farm's policy and must be disregarded—has remaining effective non-stacking provision but no remaining pro rata provision.)

The applicable "other insurance" provision of Safeco's policy has lost its pro rata clause because it has been nullified by its repugnancy to the excess clause of State Farm's "other insurance" provision. However, there still remains in Safeco's "other insurance" provision the following:

"* * * [I]f the insured has other similar insurance available to him and applicable to the accident [he does], *the damages shall* be deemed *not* to *exceed the higher of the applicable limits* [$10,000] of

this insurance and such other insurance." (Emphasis ours.)

These words must mean something more than that the amount which can be owed by the insurer to the insured (irrespective of what is owed by any other insurer) is limited to the higher of the two policy limits. In other provisions of the policy Safeco's total liability on the policy is limited to $10,000 in every event because that is the over-all policy limit for this kind of insurance. The clause set forth is meaningless unless it is intended to limit the amount which plaintiff *was entitled to receive from both insurers* to one policy limit. It is and was intended, we believe, as a *non-stacking* provision in case there was other insurance coverage. It means that the insurer agrees with its insured that the insurer *will not owe more than its share of one policy limit* if there is other insurance.

It is true that after the pro rata provision has been invalidated there is nothing that is left which says how much of the one policy limit the insurer in question is obligated for and how much the other insurer is obligated for. In such a situation, the *Lamb-Weston* rule steps in and says the insurers will share in proportion to their respective policy limits (in this case equally). While, normally, the *Lamb-Weston* rule permits stacking, where there is a non-stacking provision there is no public policy reason for not honoring it. In *Smith v. Pacific Auto Ins. Co.*, 240 Or 167, 400 P2d 512 (1965), stacking was permitted, but there was no discussion of any non-stacking provision.

It is also true, as plaintiff contends, that such a result amounts to taking a pro rata provision out of Safeco's policy and then reinserting it. There is nothing

particularly unusual about this, because in each instance where this court has had a case in which an excess or escape clause has been in opposition to a pro rata clause, we have voided the pro rata clause as being repugnant and established independently of either policy the court-made rule that the insurers prorate in proportion to the amount of their coverage. This rule is based on the equitable principle that fairness requires that the insurers share the loss in proportion to the premiums they have received. Here the loss was limited by agreement with the insured to less than the actual loss.

As we understand the thrust of one of plaintiff's arguments, he contends that our present holding is contrary to our holding in *Thurman* that each insurer's obligation to pay is independent of the other insurer's obligation to pay. This is not so. In *Thurman* we held that the policies must be construed together to determine what each insurer *owed* but that their obligation *to pay* whatever they owed was independent. In our disposition of the question concerning what Safeco *owed* in this case, both policies have to be construed together. There is no issue whether Safeco can take advantage of any sum State Farm may actually have paid (irrespective of what it owed) which was the question in *Thurman* and is one of the questions between plaintiff and State Farm in this case.

The real question is whether the remaining effective language in Safeco's policy set forth above was intended to limit its liability to part of one policy limit or was intended to make it liable for one entire policy limit despite the fact there was other insurance. We believe it must be the former because, otherwise, the provision would be superfluous in view of the over-all

policy limitation of $10,000 for this kind of insurance. It is our conclusion that Safeco overpaid plaintiff by $5,000 and is entitled to recover such overpayment.[2] It would therefore follow that Safeco is entitled to a judgment against plaintiff in that amount.

It is our conclusion that the trial judge short-cut the procedure and that, instead of giving plaintiff a judgment against State Farm and Safeco a judgment against plaintiff, she gave a judgment to Safeco against State Farm, which reached the same result. Neither insurer appealed. Except for attorney fees against State Farm, plaintiff can have no legitimate objection to this unorthodox procedure since he ends up in the same financial position he would be in had the trial court gone the long way around.

The judgment of the trial court is affirmed except that it is directed to allow plaintiff a reasonable attorney fee against State Farm.

---

[2] There was no issue raised in plaintiff's briefs in this court concerning the right of Safeco to be reimbursed for a mistaken, voluntary overpayment.